# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-3548

_____

Lawrence Hamby

*Plaintiff - Appellant*

Zachary Koehn, *Plaintiff* in member case 421cv126

*Plaintiff*

v.

State of Iowa; Iowa Department of Corrections; Statewide Religion Review
Committee; Iowa State Penitentiary, Chaplin's Office; Beth Skinner, Director of
IDOC; Ken Pirc, IDOC Religious Coordinator; Chris Tripp, Warden; Charles
Marmor, Chaplain (Former); Mike Schierbrock, ISP A/W Treatment Retired

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 14, 2026
Filed: August 3, 2026
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Lawrence Hamby practices Hasidic Judaism, and while incarcerated at the Iowa State Penitentiary (ISP), he submitted numerous grievances claiming the Iowa Department of Corrections (IDOC) was preventing him from exercising his religion. Eventually, Hamby sued IDOC under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc-1 to -5, and he also brought 42 U.S.C. § 1983 claims against Iowa, IDOC, and several IDOC officials. At summary judgment, the district court dismissed all of Hamby's claims on various and sometimes overlapping grounds. Hamby appeals, arguing the district court failed to credit his summary judgment evidence and improperly dismissed many of his claims on threshold grounds. We affirm in part, reverse in part, and remand for further proceedings.

## I. Background

Hamby was incarcerated at ISP from June 2009 to February 2023, after which he was transferred to Newton Correctional Facility. Between October 2017 and December 2021, Hamby submitted 20 religious grievances and a religious accommodation request. Under IDOC's religious programming policy, Hamby's grievances and accommodation request were submitted to Statewide Religious Activities Coordinator Ken Pirc. If Pirc denied a grievance or rendered an unsatisfactory decision regarding an accommodation request, the policy permitted Hamby to appeal the adverse decision to IDOC's Statewide Religious Activities Review Committee. Pirc denied 10 of Hamby's grievances and his accommodation request. But rather than sustaining or denying the other 10 grievances, Pirc checked a box labeled "other" and explained that those grievances were untimely, improper, or incomplete.

On April 22, 2021, Hamby filed this suit against Iowa, IDOC, and several individuals — namely, Pirc, IDOC Director Beth Skinner, and three other ISP

employees (collectively, the IDOC officials). He brought various claims grouped into six counts:

(1) a RLUIPA claim against IDOC;
(2) another RLUIPA claim against IDOC;
(3) First Amendment § 1983 claims seeking prospective relief against Iowa, IDOC, and the IDOC officials in their official capacities;
(4) First Amendment § 1983 claims seeking damages against the IDOC officials in their individual capacities;
(5) Fourteenth Amendment § 1983 claims seeking prospective relief against Iowa, IDOC, and the IDOC officials in their official capacities; and
(6) Fourteenth Amendment § 1983 claims seeking damages against the IDOC officials in their individual capacities.

After discovery, the defendants moved for summary judgment on all of Hamby's claims. A magistrate judge recommended granting their motion, concluding (1) Hamby's claims against Iowa and IDOC were barred by sovereign immunity; (2) Hamby's claims based on all but four of his grievances were barred by non-exhaustion; (3) Hamby's remaining prospective-relief claims were mooted by his transfer to Newton; (4) Hamby's damages claims based on two grievances were time barred; and (5) Hamby's damages claims based on his other two grievances were meritless. After reviewing the magistrate judge's report and recommendation de novo, the district court adopted it and granted summary judgment against Hamby.

## II. Analysis

On appeal, Hamby argues the district court erred in granting summary judgment against him because (1) sovereign immunity does not bar his RLUIPA claims against IDOC; (2) he submitted competent evidence that he took all the necessary steps to exhaust his grievances; (3) his prospective-relief claims against Pirc and Skinner are not moot; and (4) the damages claims based on two of his grievances are not time barred. Separately, the IDOC officials contend that — should we agree with Hamby's arguments — qualified immunity also bars all his § 1983 damages claims against them. We consider each argument in turn.

"We review the grant of summary judgment de novo, viewing the evidence in the light most favorable to . . . the nonmoving party and drawing all reasonable inferences in his favor." *Onyiah v. St. Cloud State Univ.*, 5 F.4th 926, 930 (8th Cir. 2021). "Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Erickson v. Nationstar Mortg., LLC*, 31 F.4th 1044, 1047–48 (8th Cir. 2022) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)); *accord* Fed. R. Civ. P. 56(a). "[A] district court should 'not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue.'" *Avenoso v. Reliance Standard Life Ins. Co.*, 19 F.4th 1020, 1024 (8th Cir. 2021) (quoting *Great Plains Real Est. Dev., L.L.C. v. Union Cent. Life Ins. Co.*, 536 F.3d 939, 943–44 (8th Cir. 2008)).

## A. Sovereign Immunity

Hamby argues the district court erred in dismissing his RLUIPA claims against IDOC on sovereign-immunity grounds.[1] States and their agencies enjoy Eleventh Amendment immunity against private suits in federal court and "a broader sovereign immunity, which applies against *all* private suits, whether in state or federal court." *Cunningham v. Kahler*, 171 F.4th 1115, 1119 (8th Cir. 2026) (quoting *Church v. Missouri*, 913 F.3d 736, 742 (8th Cir. 2019)); *see Grant v. City of Blytheville*, 841 F.3d 767, 772 n.3 (8th Cir. 2016). Sovereign immunity "deprives courts of subject-matter jurisdiction." *Cunningham*, 171 F.4th at 1118. But "a State may *waive* its sovereign immunity by consenting to suit." *Van Wyhe v. Reisch*, 581 F.3d 639, 652 n.4 (8th Cir. 2009) (quoting *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). And under RLUIPA, states must consent

---

[1]Hamby also asks us to reverse the dismissal of RLUIPA claims against Iowa, but he did not bring any such claims against Iowa in his operative complaint. Rather, he brought only two RLUIPA claims, both of which are asserted solely against IDOC.

to suits for prospective relief under the statute as a condition of receiving federal prison funds. *See id.* at 653; §§ 2000cc-1(b)(1), -2(a); *see also Sossamon v. Texas*, 563 U.S. 277, 288 (2011).

We agree with Hamby that the district court erroneously dismissed his RLUIPA claims against IDOC. While IDOC is entitled to sovereign immunity as an agency of Iowa, *see* Iowa Code § 904.102, the district court overlooked Hamby's RLUIPA claims and mistakenly concluded there was "no indication [Iowa] consented to be sued in this case." Iowa has consented to suit under RLUIPA. *See* Iowa Dep't of Mgmt., *Condition of the State* 151 (2026), https://perma.cc/6MNJ-E2G9; *see also Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (taking judicial notice of information published on a government website). So sovereign immunity does not bar Hamby's RLUIPA claims for prospective relief against IDOC.

## B. Exhaustion

Next, Hamby challenges the dismissal of certain claims for failure to exhaust administrative remedies. "The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners with complaints about prison conditions to exhaust available grievance procedures before bringing suit in federal court." *Perttu v. Richards*, 605 U.S. 460, 464 (2025) (citing 42 U.S.C. § 1997e(a)). Exhaustion occurs "when an inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits, even if the decision-maker could have declined to reach the merits because of one or more procedural deficiencies." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). Here, Hamby had to exhaust his 20 grievances and his accommodation request by appealing them to the Statewide Religious Activities Review Committee.[2] At summary judgment, the IDOC officials submitted an

---

[2]Hamby argues he did not have to appeal the 10 grievances resolved as "other" to exhaust them because IDOC's policy allowed him to appeal only "denied" grievances. *See English v. Payne*, 720 F. App'x 810, 810–11 (8th Cir. 2018) (determining prisoner may have exhausted grievances resolved as "Not Processed"

affidavit claiming that Hamby appealed only four of his grievances — Nos. 188, 241, 318, and 386. In response, Hamby conceded that he did not appeal one of his grievances, No. 262, but he submitted a declaration maintaining that he appealed (or tried to appeal) the remaining 15 grievances and the accommodation request. Ultimately, the district court discounted Hamby's declaration and dismissed all claims unrelated to Grievance Nos. 188, 241, 318, and 386. Hamby argues the district court should have credited his declaration, and we agree.

While PLRA exhaustion is generally "a precondition to bringing suit in federal court," *Perttu*, 605 U.S. at 465 (cleaned up), "a prisoner need exhaust only 'available' administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016) (quoting § 1997e(a)). An administrative remedy is unavailable if (1) "it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "essentially unknowable — so that no ordinary prisoner can make sense of what it demands"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44 (cleaned up). As exhaustion is an affirmative defense, defendants bear the burden of proving administrative remedies were available and that the prisoner failed to exhaust them. *See Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001).

To establish non-exhaustion, Pirc submitted an affidavit accompanied by records of the religious grievances received from Hamby. In his affidavit, Pirc attested to reviewing IDOC's records and finding appeals of Grievance Nos. 188, 241, 318, and 386. Given the absence of other recorded appeals, Pirc concluded that Hamby did not appeal his other grievances or the accommodation request. Hamby's

where prisoner's grievances were not in record and prison's policy did not permit appeals from "Not Processed" designation). But the record shows that Hamby appealed two grievances resolved as "other," Nos. 318 and 386, and the Statewide Religious Activities Review Committee considered his appeals on both occasions. *English* is distinguishable because Hamby's grievances are in the record, which establishes that he could — and did — appeal grievances resolved as "other."

declaration, on the other hand, paints a different picture. Among other things, it states that (1) Hamby "file[d] appeals in regard to each and every request for religious accommodation and grievance processing"; (2) he "appealed every denial [he] received"; (3) he filed various religious grievance appeal forms on specific dates from October 22, 2017, to October 1, 2020; and (4) on multiple occasions, IDOC staff refused to respond to his grievances, failed to forward them along, failed to mail his appeals, or sent his appeals to the wrong address.

If true, Hamby's declaration would excuse Hamby's 15 grievances from the exhaustion requirement because either IDOC's religious grievance process was operating as a dead end or Hamby was thwarted from using it. *See Ross*, 578 U.S. at 643–44. But the district court discounted Hamby's declaration as "broad, generalized, [and] self-serving." In doing so, it "credited the evidence of the party seeking summary judgment and failed properly to acknowledge key evidence offered by the party opposing that motion." *Tolan v. Cotton*, 572 U.S. 650, 659 (2014).

First, Hamby's declaration is not overly "broad" or "generalized." It lists specific dates on which Hamby appealed certain grievances, and it states that he "appealed every denial [he] received" for "each and every request for religious accommodation and grievance processing." While conclusory allegations in an affidavit or declaration are not competent summary judgment evidence, *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990), the statements in Hamby's declaration are not of this genre. Admittedly, "[t]he line of demarcation between 'specific' and 'conclusory' allegations is hardly a bright one." *Id.* at 902 (Blackmun, J., dissenting). But Hamby's declaration was specific enough. *See, e.g.*, *Boyd v. Doe*, 746 F. App'x 599, 600 (8th Cir. 2018) (reversing dismissal for failure to exhaust when prisoner "swore in his complaint . . . that he had submitted all necessary grievance attachments, and that corrections officials had not returned the attachments to him"); *Conner v. Doe*, 285 F. App'x 304, 304 (8th Cir. 2008) (similar).

-7-

Second, the district court improperly weighed the evidence and made a credibility determination when it discounted Hamby's declaration because it lacked supporting documentation and was "self-serving." To be sure, we have previously stated — in general terms — that "a properly supported motion for summary judgment is not defeated by self-serving affidavits." *E.g.*, *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006). But we have since clarified that neither the absence of supporting documentation "nor the self-serving nature of affidavits . . . serve to make such evidence inherently infirm." *Stewart v. Rise, Inc.*, 791 F.3d 849, 860 (8th Cir. 2015). Rather, "[w]e may discount a plaintiff's self-serving affidavit" only "where it clearly contradicts the plaintiff's earlier testimony under oath and where the plaintiff offers no explanation for the inconsistencies." *Id.* at 861. This is because the "Federal Rules of Civil Procedure expressly contemplate the use of affidavits . . . and declarations as permissible forms of evidence at the summary judgment stage." *Id.* at 860. Unlike the "mere allegations" of an unsworn pleading, the statements in Hamby's declaration are "probative evidence." *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016) (cleaned up); *see also* Fed. R. Civ. P. 56(c)(1)(A); 28 U.S.C. § 1746.

Third, Hamby's declaration is not — as the district court suggested — "blatantly contradicted by the record, so that no reasonable jury could believe it . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007). While IDOC lacks records of Hamby appealing certain grievances, the absence of records is not affirmative evidence that Hamby failed to appeal. *See Boyd*, 746 F. App'x at 600 ("A record keeper's declaration that a prisoner did not exhaust a grievance is insufficient to establish non-exhaustion as a matter of law when the prisoner makes sworn assertions that he took the necessary steps to exhaust."). Accordingly, we conclude the district court erred in not crediting Hamby's declaration.

Despite this conclusion, we affirm the dismissal of the claims related to the last four grievances Hamby submitted — Nos. 396, 418, 430, and 432.[3] *See Grant*,

---

[3]The IDOC officials ask us to affirm the dismissal of Hamby's claims related to Grievance Nos. 241, 318, and 386 on exhaustion grounds because the appeals for

841 F.3d at 770 ("We may affirm a grant of summary judgment on any basis supported by the record."). Prisoners "must exhaust administrative remedies *before* filing suit in federal court. . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Hamby submitted these grievances after filing this suit in April 2021, so he could not have exhausted them by the time of filing. Viewing the evidence in the light most favorable to Hamby, he has established a genuine issue of material fact regarding the availability of IDOC's grievance process with respect to the appeals of his accommodation request and 11 grievances — Nos. 213, 214, 224, 225, 226, 285, 324, 358, 359, 366, and 385.

## C. Mootness

Hamby further argues the district court erroneously dismissed several of his claims against the IDOC officials as moot. "A federal court lacks subject-matter jurisdiction if a claim becomes moot." *Dalton v. JJSC Props., LLC*, 967 F.3d 909, 913 (8th Cir. 2020). And a claim "becomes moot when the court can no longer grant any effectual relief to a prevailing party due to a change in circumstances." *In re Gretter Autoland, Inc.*, 864 F.3d 888, 891 (8th Cir. 2017). After concluding Hamby had exhausted only Grievance Nos. 188, 241, 318, and 386, the district court determined that Hamby's transfer from ISP to Newton mooted his § 1983 prospective-relief claims connected to those four grievances. Hamby concedes his transfer mooted these claims against the three ISP employees. But he contends the transfer did not moot all the prospective-relief claims against Pirc and Skinner, who are IDOC employees with statewide authority. We agree.

---

those grievances were procedurally improper. But Hamby received adverse decisions on the merits of Grievance Nos. 241 and 318. *See Hammett*, 681 F.3d at 947. And although the Statewide Religious Activities Review Committee did not reach the merits of Grievance No. 386, Hamby concedes the district court correctly determined that No. 386 lacked merit.

"[A]n inmate's claims for declaratory and injunctive relief to improve prison conditions [a]re moot when he [i]s transferred to another facility and [i]s no longer subject to those conditions." *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999). But a transfer does not moot claims for prospective relief when the disputed conditions persist at the new prison and the inmate has sued prison officials whose authority extends there. *See Randolph v. Rodgers*, 170 F.3d 850, 856–57 (8th Cir. 1999). "The 'heavy' burden of proving mootness falls on the" prison officials asserting that a transfer has mooted a prisoner's claims. *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). And because mootness is a claim-specific inquiry, the prison officials must bear this burden with respect to each claim that they assert is moot. *See Powell v. McCormack*, 395 U.S. 486, 497 (1969).

The district court did not conduct a sufficient, claim-specific inquiry into mootness. It dismissed as moot the claims related to Grievance Nos. 241 and 386, in which Hamby asked for a mikveh and requested to use religious funds for attorney fees, respectively. But the IDOC officials did not provide any evidence that Hamby was given a mikveh or allowed to use religious funds for attorney fees at Newton. Since Pirc and Skinner have statewide authority, enjoining them could still provide effectual relief to Hamby. Thus, the prospective-relief claims against Pirc and Skinner are not moot as to Grievance Nos. 241 and 386.

We nevertheless affirm the dismissal of Hamby's prospective-relief claims related to Grievance Nos. 188, 318, and 386. *See Grant*, 841 F.3d at 770. First, the claims related to Grievance No. 188 — which regards IDOC's prohibition on wax candles with open flames — are moot. The parties agree that IDOC has since changed its candle policy statewide to permit the use of candles with open flames. Second, Hamby lacks standing to bring his prospective-relief claims related to Grievance No. 318, in which he complained that someone took his cottage cheese at ISP. *See Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 110–12 (2025) (explaining the doctrine of standing and its requirements). Prospective relief "cannot redress past injuries," and Hamby does not claim that he faces an immediate threat of having

-10-

his cottage cheese stolen at Newton. *Frost v. Sioux City*, 920 F.3d 1158, 1161–62 (8th Cir. 2019). Third, the district court dismissed Hamby's damages claims based on Grievance No. 386, in which he asked to use religious funds for attorney fees. Hamby concedes "summary judgment was appropriate on the merits as to" this grievance, so his prospective-relief claims related to it were properly dismissed.

## D. Statute of Limitations

Hamby next argues the district court erroneously dismissed as time barred his § 1983 damages claims related to Grievance Nos. 188 and 241. Because § 1983 contains no statute of limitations, "courts apply the state statute of limitations for personal-injury torts." *Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021). As a result, the statute of limitations for § 1983 claims in Iowa is two years. *See* Iowa Code § 614.1(2). The limitations period begins to run when a claim accrues, and accrual generally occurs "when the plaintiff has a complete and present cause of action." *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (cleaned up). Hamby sued in April 2021, more than two years after submitting Grievance Nos. 188 and 241 in October 2017 and August 2018, respectively. Even so, he claims the district court should have extended the limitations period. We agree with respect to the claims based on Grievance No. 241.

First, Hamby suggests that equitable tolling could sufficiently extend the limitations period regarding his claims related to Grievance Nos. 188 and 241. *See, e.g.*, *Soto v. Sweetman*, 882 F.3d 865, 870–71 (9th Cir. 2018) (collecting cases and explaining that courts typically "apply equitable tolling to extend limitations while the inmate exhausts his administrative remedies"). But equitable tolling cannot save these claims. Hamby exhausted Grievance Nos. 188 and 241 in January 2018 and on April 9, 2019, respectively. So both grievances were still exhausted more than two years before Hamby sued on April 22, 2021.

Second, Hamby argues the district court should have extended the limitations period because Grievance Nos. 188 and 241 state continuing violations. "Under the

-11-

so-called continuing-violation theory, each overt act that is part of the violation and that injures the plaintiff starts the statutory period running again, regardless of the plaintiff's knowledge of the alleged illegality at much earlier times." *Midwestern Mach. Co. v. Nw. Airlines, Inc.*, 392 F.3d 265, 269 (8th Cir. 2004) (cleaned up). This theory applies to circumstances "where it is appropriate to describe each new day under an objected-to policy as comprising a new or continuing violation of rights, as in the context of an Eighth Amendment claim for cruel or unusual punishment . . . ." *Montin v. Est. of Johnson*, 636 F.3d 409, 415 (8th Cir. 2011). But the theory does not apply to the ongoing or delayed consequences of a discrete violation. *See id.* at 415–16.

Grievance Nos. 188 and 241 — which regard IDOC's prohibition on wax candles with open flames and Hamby's request for a mikveh, respectively — allege continuing violations, not merely the consequences of some other discrete violation. According to Hamby, "lighting the Shabbas candles" requires wax candles with open flames, and using a mikveh for "ritual cleansing" is "essential to the Jewish [r]eligion." In other words, Hamby claims that the denial of wax candles and a mikveh violates his free-exercise rights. If so, then each day that IDOC continues denying him wax candles or a mikveh would comprise "a new or continuing violation" of his free-exercise rights. *Id.* at 415.

The district court, on the other hand, took the view that Hamby's continuing-violation argument was "unavailing considering [his] transfer to another institution." But the proper inquiry here was whether Hamby sued within two years of the last "overt act that [wa]s part of the [alleged] violation" of his free-exercise rights. *Midwestern Mach. Co.*, 392 F.3d at 269 (cleaned up). Hamby's transfer to Newton in February 2023, which occurred nearly two years after he filed this suit, was irrelevant to this question. We also find the IDOC officials' argument similarly unpersuasive. They contend only that *Montin* confined the continuing-violation theory to Eighth Amendment violations in the § 1983 context. But this is an untenable reading of *Montin*, considering *Montin* itself entertained the applicability of the continuing-violation theory to due-process and equal-protection claims. *See*

636 F.3d at 410–11, 415–16; *see also Morgan v. Trierweiler*, 67 F.4th 362, 369–71 (6th Cir. 2023) (applying continuing-violation theory to free-exercise claim by prisoner who was allegedly denied halal meals).

Even so, we affirm the dismissal of the damages claims based on Grievance No. 188. IDOC changed its candle policy in June 2018 to permit candles with open flames, so Hamby still sued more than two years after any continuing violation related to Grievance No. 188 ceased.

### E. Qualified Immunity

Finally, the IDOC officials invite us to affirm the dismissal of Hamby's § 1983 damages claims on qualified-immunity grounds. But the district court did not reach the IDOC officials' qualified-immunity defense, and we are "a court of review, not of first view." *Iowa Migrant Movement for Just. v. Bird*, 157 F.4th 904, 930 (8th Cir. 2025) (cleaned up). "Upon remand, we direct the district court to further evaluate all claims and defenses consistent with this opinion." *Moran v. Clarke*, 296 F.3d 638, 650 n.6 (8th Cir. 2002) (en banc), *abrogated on other grounds by Manuel v. City of Joliet*, 580 U.S. 357, 369 (2017).

### III. Conclusion

To the extent they relate to Hamby's accommodation request and Grievance Nos. 213, 214, 224, 225, 226, 241, 285, 324, 358, 359, 366, and 385, we reverse the dismissal of the RLUIPA claims against IDOC, the § 1983 prospective-relief claims against Pirc and Skinner, and the § 1983 damages claims against the IDOC officials. We affirm the dismissal of all other claims. And we remand for further proceedings consistent with this opinion.

_____